

Abraham, Fruchter & Twersky, LLP

May 20, 2015

**VIA ECF**

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, New York 10007

Re:   *Olagues v. Icahn, et al.*
      Index Nos. Nos. 1:15-cv-00898-GHW, 1:15-cv-02476-GHW, 1:15-cv-02478-GHW

Dear Judge Woods:

We are counsel to plaintiff in the referenced matters and write, pursuant to the Court's Order dated May 7, 2015, with the consent of defendants' counsel, to provide a status update on the case.

**Plaintiff's Statement of the Nature of the Case**

Plaintiff commenced these related actions against defendants Carl C. Icahn, High River Limited Partnership, Icahn Partners LP, Icahn Partners Master Fund LP, Icahn Partners Master Fund II LP and Icahn Partners Master Fund III LP (collectively, the "Icahn Defendants") seeking to recover short-swing profits alleged to have been earned in violation of Section 16(b) of the Securities Exchange Act of 1934 ("Section 16(b)").  Specifically, Plaintiff seeks to recover the profits alleged to have been realized from the cancellation of put options within six months of those options having been written.  The recovery of any such profits shall be for the benefit of the issuers in the respective cases: Herbalife Ltd., Hologic, Inc. and Nuance Communications, Inc.

Plaintiff contends that the profits for which the Icahn Defendants are liable are determined pursuant to Rule 16b-6(d) of the Securities Exchange Act of 1934: "Upon cancellation or expiration of an option within six months of the writing of the option, any profit derived from writing the option shall be recoverable under section 16(b) of the Act. The profit shall not exceed the premium received for writing the option."

The major issue most important to resolving these actions is whether the premium received by the Icahn Defendants for the writing of put options subsequently cancelled included the amount



of a discount received by the Icahn Defendants on premiums paid for corresponding call options they purchased.

### Icahn Defendants' Statement of the Case and Defenses

The Icahn Defendants believe they have no Section 16(b) liability as a matter of law and anticipate moving to dismiss. They will set forth the basis of their anticipated dismissal motion in their pre-motion June 1 letter to your Honor.

### Subject Matter Jurisdiction

Plaintiff asserts subject matter jurisdiction pursuant to Section 27 of the Exchange Act [15 U.S.C. §78aa]. Venue is properly laid in this District because the Icahn Defendants are located in this District.

### Anticipated Motions

Plaintiff does not anticipate the filing of any motions.

As indicated above, the Icahn Defendants intend to seek to file a motion to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### Damages

The plaintiff believes the amount of recoverable profits is dependent on the value of the discount received on the corresponding call options the Icahn Defendants purchased. The defendants believe, *inter alia,* that the premium (the maximum amount recoverable under Securities and Exchange Commission rules) on the put options in question was $0.01 per underlying share, which amount had been paid to all three issuers before these cases were commenced.

### Case Status

Pursuant to the Court's Individual Rules the parties simultaneously herewith submit a proposed plan and scheduling order. The parties have not engaged in any discovery. The parties have not engaged in settlement discussions and are not now requesting a settlement conference. Plaintiff believes this is a case that can be resolved through the Court's mediation program or through a settlement conference. The Icahn Defendants believe that this case can be resolved on the motion to dismiss they seek to file, but following any ruling on their motion to dismiss, they would be willing to participate in a mediation should any of plaintiff's claims survive their motion.

Honorable Gregory H. Woods
May 20, 2015
Page 3

Respectfully yours,

Jack G. Fruchter

cc:   Herbert Beigel, Esq.
      Robert Viducich, Esq.
      Miranda Schiller, Esq.